■ I. GEORGE KUGLER et al., Respondents, v CHARLES E. NOBLE et al., Appellants. — Order unanimously reversed, without costs, and motion denied. Memorandum: Defendants appeal from an order preliminarily enjoining them from opening a new restaurant in violation of a restrictive covenant they agreed to when they sold their former restaurant to the plaintiffs. The plaintiffs purchased the restaurant in 1978 and operated it for three summer seasons until they closed it in October of 1981 and moved to Texas. In June of 1982 defendants leased another building nearby for the purpose of operating a

restaurant. Special Term granted plaintiffs' motion for a preliminary injunction, enjoining the defendants from opening the new restaurant. We reverse. Plaintiffs have failed to show that they will sustain irreparable injury if the defendants are allowed to operate a restaurant pending the determination of this action. The plaintiffs' restaurant is closed and there is no showing that a reopening is imminent. Hence, during the pendency of this action, there is no probability that the defendants will be competing with any business located on plaintiffs' property. Plaintiffs contend that they will be injured by the opening of a new restaurant in the area because this will make it more difficult for them to sell their property for restaurant purposes. This injury is not irreparable, however, for should the plaintiffs prevail on the trial of the action and obtain a permanent injunction, they may also be awarded damages to compensate them for any loss they may have suffered by reason of a delay in the sale of the property pending the trial. (Appeal from order of Supreme Court, Chautauqua County, Ricotta, J. — preliminary injunction.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ.